# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3748NE

_____

Lester Leavern Rains,

          Appellant,

v.

Deloris Cecilia Rains,

          Appellee.

\* 
\* On Appeal from the United
\* States District Court
\* for the District of
\* Nebraska.
\*
\* [Not To Be Published]
\*
\*

_____

Submitted: July 5, 2000

Filed: July 17, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Lester L. Rains appeals the District Court's[1] Federal Rule of Civil Procedure 12(b)(6) dismissal of his action against his ex-wife, in which he had alleged that she committed perjury in a child-support dispute. Liberally construing the complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and after de novo review, see Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam), we conclude that the District Court properly dismissed Mr. Rains's action as the Court lacked subject

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

matter jurisdiction. We note, however, that dismissal should have occurred under Federal Rule Civil Procedure 12(b)(1) (dismissal for lack of subject matter jurisdiction) rather than Rule 12(b)(6). See Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction does not operate as adjudication upon merits); Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (Rooker-Feldman doctrine prohibits lower federal courts from reviewing federal claims inextricably intertwined with claims asserted in state court proceeding if requested relief would effectively reverse or void state court decision); Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (private party may be held liable on 42 U.S.C. § 1983 claim only if he is willful participant in joint action with state or its agents); DeSantiago v. Laborers Int'l Union of N. Am., 914 F.2d 125, 127 n.2 (8th Cir. 1990) (federal courts lack jurisdiction to review claims arising under only state law where parties lack diversity of citizenship); Moffett v. Commerce Trust Co., 187 F.2d 242, 248 (8th Cir.) (nothing in Civil Rights Act gives federal court jurisdiction to review state proceedings procured by fraud or perjury), cert. denied, 342 U.S. 818 (1951).

Accordingly, we affirm. See 8th Cir. R. 47B. Mr. Rains's motion for remand is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-