**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
Local Union 640, Plaintiff,**

v.

**Jake DUECK and Jane Doe Dueck, husband and wife, Defendants.**

**No. CIV 00–0751 PHX RCB.**

United States District Court,
D. Arizona.

Aug. 28, 2000.

Nicholas Jason Enoch, Lubin & Enoch PC, Phoenix, AZ, for Plaintiff.

Joseph Edward Lambert, Joseph E. Lambert PC, Mesa, AZ, for Defendants.

## ORDER

BROOMFIELD, Senior District Judge.

On May 24, 2000, Plaintiff filed a motion to remand this action to state court. On June 12, 2000, Defendant[1] filed a response to that motion as well as a motion to dismiss this action as being barred under the applicable statute of limitations. After receiving one extension of time, Plaintiff on July 13, 2000, filed a motion to enlarge the time period for filing a response to Defendant's motion to dismiss until after the court has ruled on its motion to remand. Defendant has filed an opposition to that request for an indefinite extension of time. Having carefully considered the arguments raised by the parties, the court will now rule on all of these various matters.

### I. BACKGROUND

In its complaint filed in Arizona Superior Court in Maricopa County on March 3, 2000, Plaintiff International Brotherhood of Electric Workers Local 640 ("IBEW Local 640") alleged the following facts. IBEW Local 640 is a union with members in Arizona. (Compl.¶ 1). Defendant was a member of IBEW Local 640 at all relevant times and as a member was contractually obligated to comply with all of the rules and obligations of membership. (*Id.* ¶ 5). In November 1997, Defendant was accused in writing by other members of IBEW Local 640 of violating his membership agreement with the union. In accordance with the IBEW Constitution and the By-Laws of Local 640, a trial board was duly established to hear and decide the merits of the accusations. The requirements for fair notice and a hearing set forth in the Constitution and By-Laws were followed

---

1. Only Jake Dueck has appeared as a defendant in this matter. He has affirmatively pled that he is not married and that there is no Jane Doe Dueck.

and Defendant was found to have violated his membership agreement. As a penalty for that breach, Defendant was fined the sum of $9,063.00. (*Id.* ¶ 6). Pursuant to his membership agreement with IBEW Local 640, Defendant is obligated to pay that assessment, but has failed to do so. (*Id.* ¶ 7). According to IBEW Local 640, the IBEW Constitution and Local 640's By–Laws embody a contract that each member enters into when joining the union. (*Id.* ¶ 3). IBEW Local 640's complaint seeks an award of the sum of $9,063.00 plus interest. (*Id.* ¶ 9). In the first paragraph of its complaint, IBEW Local 640 states that it "brings this action pursuant to Rule 23.2 Arizona Rules of Civil Procedure and 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5)." (*Id.* ¶ 1).

After filing an answer and two amended answers to the complaint in state court, Defendant removed the action to this court on April 25, 2000.[2] Defendant removed the action on the basis that this court had original jurisdiction over the matter under the federal question statute, 28 U.S.C. § 1331. Specifically, Defendant asserted that the action arose under the laws of the United States because Plaintiff stated in its complaint that the action was brought "pursuant to 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5)," and because Plaintiff's complaint is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"). On May 24, 2000, Plaintiff filed a motion to remand the action to Arizona Superior Court.

## II. LEGAL STANDARD

■ The removal statute upon which Defendant relied in removing this action to federal court provides in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). An action filed in state court may be removed pursuant to this statute "only if the district court could have exercised jurisdiction over the action if originally filed there." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). Courts "strictly construe the removal statute against removal jurisdiction," and thus "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see Duncan*, 76 F.3d at 1485 (noting that courts strictly construe removal statute in order to serve Congress' purpose of restricting the jurisdiction of federal courts on removal). Due to this strict construction against removal jurisdiction, the defendant(s) removing the action bear(s) the burden of establishing that removal is proper, i.e., that the federal court has original jurisdiction over the matter. *See Duncan*, 76 F.3d at 1485; *Gaus*, 980 F.2d at 566.

■ Defendant removed this case based on this court's jurisdiction under 28 U.S.C. § 1331. Accordingly, he must establish that IBEW Local 640's complaint alleged at least one claim "arising under" federal law. *Duncan*, 76 F.3d at 1485; *see* 28 U.S.C. § 1331. In order for a claim to "arise under" federal law, a right or immunity created by federal law must be an essential element of that claim. *Carpen-*

---

**2.** Plaintiff had served Defendant with a summons and a copy of the complaint on March 30, 2000. Accordingly, Defendant timely filed the notice of removal within thirty (30) days of service of the lawsuit. *See* 28 U.S.C. § 1446(b).

*ters S. Cal. Admin. Corp. v. Majestic Hous.,* 743 F.2d 1341, 1344 (9th Cir.1984). The U.S. Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Rivet v. Regions Bank of La.,* 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)); *see also Duncan,* 76 F.3d at 1485 ("[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."). The Supreme Court has set forth two other general rules related to the well-pleaded complaint rule. First, because a "defense is not part of a plaintiff's properly pleaded statement of his or her claim[,] ... 'a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.' " *Rivet,* 118 S.Ct. at 925 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983)). Second, a plaintiff cannot "artfully plead" his complaint "to defeat removal by omitting to plead necessary federal questions." *Rivet,* 118 S.Ct. at 925 (quoting *Franchise Tax Bd. of Cal.,* 463 U.S. at 22, 103 S.Ct. at 2853). If a plaintiff has so artfully pled his complaint, a court may uphold removal even though no federal question appears on the face of the complaint. *Rivet,* 118 S.Ct. at 925. As part of this artful pleading doctrine, removal is permitted "where federal law completely preempts a plaintiff's state-law claim." *Id.* The Supreme

Court has offered the following distinction between complete federal preemption permitting removal and the ordinary defense of federal preemption, which is not a sufficient ground for removal:

> Although federal preemption is ordinarily a defense, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law."

*Id.* (quoting *Caterpillar Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430).

## III. DISCUSSION

In support of its motion to remand this action to state court, Plaintiff argues that "state law governs union lawsuits to collect disciplinary fines." *International Bhd. of Elec. Workers, Local Union No. 986 v. Smith,* 76 Ohio App.3d 652, 602 N.E.2d 782, 787 (1992). It further cites a statement by the Supreme Court that disciplinary actions in enforcement of union rules is a "federally unentered enclave open to state law." *Scofield v. NLRB,* 394 U.S. 423, 426 n. 3, 89 S.Ct. 1154, 1156 n. 3, 22 L.Ed.2d 385 (1969). It maintains that the present lawsuit constitutes just such a collection action, and thus raises only a state-law claim not properly subject to removal.

In response to Plaintiff's motion to remand, Defendant raises two grounds in support of its assertion that federal question jurisdiction exists in this case. First, he argues that Plaintiff's own complaint states that it is brought "pursuant to 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5)." Second, he argues that Plaintiff's complaint is completely preempted by Section 301 of the LMRA and thus arises under that federal law. The court will discuss both of these arguments separately, beginning with Defendant's reliance on the statement in the complaint that the action

is brought pursuant to 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5).

. . .

A. *Does Plaintiff's Action Arise under Federal Law Based on Statement in Complaint that Action Is Brought Pursuant to 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5)?*

Without any further discussion on the issue, Defendant nakedly asserts in his response to Plaintiff's motion to remand that removal was proper because by its very terms the complaint was brought pursuant to federal law, namely 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5). *See* Compl. ¶ 1 ("Plaintiff brings this action pursuant to ... 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5)."). Plaintiff, on the other hand, argues that this one excerpt from its complaint does not establish federal question jurisdiction because "[t]he Court is not bound by [his] language ... and it must look to the substance of the pleading, not the labels used by [him]." *McCastle v. Rollins Envtl. Servs.*, 514 F.Supp. 936, 938 (M.D.La.1981).

■ Reading 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5), it is clear that they do not provide a cause of action for Plaintiff against Defendant due to his nonpayment of the fine imposed against him for violating membership regulations. Rather, these two statutory provisions provide a cause of action by union members against unions for unfair labor practices. Section 158(b)(1)(A) of Title 28 of the United States Code provides in relevant part:

**(b) Unfair labor practices by labor organization**

It shall be an unfair labor practice for a labor organization or its agents—

(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title:

*Provided,* That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein. . . .

The Supreme Court in *Scofield v. NLRB,* 394 U.S. 423, 89 S.Ct. 1154, 22 L.Ed.2d 385 (1969), held that 29 U.S.C. § 158(b)(1)(A) does not establish a cause of action by unions against their members for violating membership agreements. In *Scofield,* a union had fined several of its members for violating rules established by the union regarding production ceilings. *Id.* at 426, 89 S.Ct. at 1156. The Court held that "the regulation of the relationship between union and employee is a contractual matter governed by local law." *Id.* at 426 n. 3, 89 S.Ct. at 1156 n. 3. The Court further noted that disciplinary actions by a union against its members are not affirmatively protected by 29 U.S.C. § 158(b)(1)(A), but rather merely do not violate that provision. Accordingly, disciplinary actions by a union against its members are a " 'federally unentered enclave' open to state law." *Id.* at 426 n. 3, 89 S.Ct. at 1156 n. 3.

Section 411(a)(5) of Title 29 of the United States Code provides:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

With regard to 29 U.S.C. § 411, both the Supreme Court and the Ninth Circuit have held that Congress intended that provision to protect only the rights of union members, not unions or their employees and officers. *See Finnegan v. Leu,* 456 U.S. 431, 438, 102 S.Ct. 1867, 1871, 72 L.Ed.2d 239 (1982) (noting that 29 U.S.C.

§ 411(a)(5) protects union members, not union employees or officers); *Teamsters Joint Council No. 42 v. International Bhd. of Teamsters, AFL–CIO*, 82 F.3d 303, 306 (9th Cir.1996) (noting that 29 U.S.C § 411(a) protects union members, not union employees or officers).

▉ Having reviewed 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5) and the relevant case law, it is clear that Plaintiff has not and could not have brought a claim under either of those provisions. Plaintiff, at most, apparently anticipated a defense the Defendant might raise that the disciplinary fine imposed against him constituted an unfair labor practice in violation of 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5). A complaint, though, does not raise a claim under federal law merely by anticipating a federal defense. *See Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir.2000) ("It is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint....'" (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 14, 103 S.Ct. at 2848)). While Plaintiff may have worded its complaint poorly in stating that the action was brought "pursuant to" 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5), the substance of the complaint demonstrates that it is merely an action for breach of contract. *See, e.g., Humphrey v. Moore*, 375 U.S. 335, 352, 84 S.Ct. 363, 373, 11 L.Ed.2d 370 (1964) (Goldberg, J., concurring) (noting that substance of complaint and not form governs whether a federal question is raised); *Spaulding v. Mingo County Bd. of Educ.*, 897 F.Supp. 284, 287 (S.D.W.Va.1995) (same); *McCastle*, 514 F.Supp. at 938 (same). Defendant, in fact, recognizes in his response to Plaintiff's motion to remand that the substance of Plaintiff's complaint is for a state breach of contract claim. *See* Def.'s Resp. to Pl.'s Mot. to Remand, at 2 ("On March 3, 2000, the IBEW filed the present action asserting a state breach of contract claim based on [Defendant's] alleged breach of the IBEW constitution and by-laws of affiliated local unions."). Accordingly, Defendant has fallen short of his burden of demonstrating that removal was appropriate based on the statement found in Plaintiff's complaint regarding 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5).

**B. *Does Section 301 of the LMRA Preempt Plaintiff's Complaint?***

The primary argument raised by Defendant in his response to Plaintiff's motion to remand is that Plaintiff's breach of contract claim is completely preempted by Section 301 of the LMRA, 29 U.S.C. § 185, and thus arises under federal law. In making this argument, Defendant admits from the outset that he does not contend that a union's constitution and bylaws cannot form the basis for a breach of contract action. He also admits that a union's attempt to enforce a fine in state court is not always preempted by Section 301 of the LMRA. However, he argues that a state breach of contract cause of action based on a union constitution is completely preempted.

▉ Based on U.S. Supreme Court and state case law provided by Plaintiff, it is clear that lawsuits brought by unions to collect fines imposed on union members for violations of union rules constitute actions for breach of contract and are governed by state contract law principles. Accordingly, such actions do not arise under federal law and are properly brought in state court. *See NLRB v. Allis–Chalmers Mfg. Co.*, 388 U.S. 175, 182, 87 S.Ct. 2001, 2007–08, 18 L.Ed.2d 1123 (1967) (noting that judicial view is that provision defining punishable conduct by union

members constitutes part of the contract between the union and its members and that a court's role is only to enforce the contract); *Scofield*, 394 U.S. at 426 n. 3, 89 S.Ct. at 1156 n. 3 (noting that disciplinary actions to enforce union rules against members is a "federally unentered enclave open to state law," and that "regulation of the relationship between union and employee is a contractual matter governed by local law"); *International Bhd. of Elec. Workers, Local Union No. 986*, 602 N.E.2d at 787 ("Generally, the provisions set forth in a union's constitution and by-laws, which define punishable conduct and establish the procedures for internal trial and appeal, constitute a contract between the union and its members ... [and] '[t]he courts' role is but to enforce the contract' .... [S]tate law governs union lawsuits to collect disciplinary fines." (quoting *Allis–Chalmers Mfg.*, 388 U.S. at 182, 87 S.Ct. at 2008)); *Walsh v. Communications Workers of Am., Local 2336*, 259 Md. 608, 271 A.2d 148, 149–50 (1970) (based on *Allis–Chalmers* and *Scofield*, held that union action to enforce a fine imposed on a member is not preempted by federal labor laws). Defendant, however, argues that a state breach of contract action based on a union constitution is completely preempted by Section 301 of the LMRA. He argues that *Scofield* is inapposite in such a situation because it did not involve the alleged violation of a union constitution.

■ Section 301(a) of the LMRA provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Defendant is correct that the doctrine of complete preemption applies in the case of claims falling under the purview of Section 301 of the LMRA. *See Balcorta*, 208 F.3d at 1107. Section 301 generally has been read to require complete preemption of state law claims brought to enforce collective bargaining agreements. *See id.* The Ninth Circuit has also held that Section 301 completely preempts claims that require the interpretation of a collective bargaining agreement. *See Audette v. International Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112–13 (9th Cir.1999).

■ Relying on *Wooddell v. International Brotherhood of Electrical Workers, Local 71*, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991), and *DeSantiago v. Laborers International Union of North America, Local 1140*, 914 F.2d 125 (8th Cir.1990), Defendant asserts that breach of contract actions based on a union constitution, in addition to those based on a collective bargaining agreement, are completely preempted by Section 301. He argues that because Plaintiff's action requires interpretation of the IBEW Constitution, it is completely preempted. Plaintiff, on the other hand, contends that the plain language of Section 301 does not cover the situation presented in this case, that the two cases cited by Defendant are inapposite, and that its lawsuit does not require interpretation of its constitution.

Plaintiff is correct that the plain language of Section 301 does not encompass the circumstances of this case. Section 301 speaks in terms of contracts between a labor organization and an employer, or between labor organizations, not contracts between a labor organization and its members. Defendant has failed to provide any explanation as to how Plaintiff's complaint

raises any claim of a breach of a contractual obligation between a labor organization and an employer, or between labor organizations.

Plaintiff is also correct that Defendant misstates the scope of the *Wooddell* and *DeSantiago* decisions. Although the Supreme Court did hold in *Wooddell* that a union member's lawsuit against the union based on an alleged violation of the union constitution fell within the scope of Section 301, it specifically limited the scope of that holding as follows:

> Does section 301 of the Labor–Management Relations Act create a federal cause of action under which a union member may sue his union for a violation of the union constitution? As the text makes clear, the answer to that question is in the affirmative, *but only if it is charged that the breach alleged violates a contract between two labor organizations.*

*Wooddell,* 502 U.S. at 98 n. 3, 112 S.Ct. at 498 n. 3 (citation omitted) (emphasis added). The Supreme Court reinforced the plain language of Section 301, stating that "a suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." *Id.* at 98, 112 S.Ct. at 498. Unlike the plaintiff in *Wooddell,* Defendant has not charged that any breach of IBEW's Constitution violates a contract between two labor organizations. *See also Commer v. District Council 37, Local 375,* 990 F.Supp. 311, 321 n. 13 (S.D.N.Y.1998) ("The Supreme Court in *Wooddell* held that the subject-matter jurisdiction conferred on the district courts by [Section 301] of the LMRA extends to suits on unions constitutions brought by individual union members. The suits at issue, how-

ever, were grounded on contractual obligations among unions found within the union constitution. *Wooddell* does not apply, as here, to claims where the purported contractual agreement is between the individual member and the union."). Likewise, *DeSantiago* involved claims similar to those in *Wooddell* brought by a union member alleging that the local union had violated contractual agreements with the parent international union found within the union constitution. In contrast, Defendant has not raised any argument that this case involves a question of whether Local 640 violated any contractual agreement with IBEW encompassed in the IBEW Constitution.

Finally, the court need not determine whether Plaintiff's complaint requires an interpretation of IBEW's Constitution because Defendant has not shown that any such interpretation relates to contractual obligations between Local 640 and IBEW. Whereas the issue raised in *Wooddell* and *DeSantiago* was whether a local union had breached its contractual obligations with the parent union as set forth in the union's constitution, the issue raised by Plaintiff's complaint in this case is whether Defendant, a union member, violated the provisions of IBEW's Constitution. Plaintiff's complaint, as opposed to the claims in *Wooddell* and *DeSantiago,* does not require any determination of whether Local 640 violated any contractual obligation owed to the parent IBEW union as contained in the IBEW Constitution. *See* Def.'s Resp. to Pl.'s Mot. to Remand, at 4–5 ("[A] cause of action that requires a court to ascertain the nature of [Defendant's] duties under the IBEW's constitution involves interpretation of that constitution and is preempted."). In addition, the Ninth Circuit has explicitly held that a union's lawsuit against one of its members for breach of the union's by-laws and constitution does not fall within the ambit of

Section 301 of the LMRA. *See Building Material and Dump Truck Drivers, Local 420 v. Traweek,* 867 F.2d 500, 507–08 (9th Cir.1989). In conclusion, then, Defendant has failed to meet its burden of demonstrating that Plaintiff's complaint is completely preempted by Section 301 of the LMRA. Accordingly, the court will grant Plaintiff's motion to remand the action to Arizona Superior Court.

## C. Attorney's Fees and Costs

■ Having determined that it will grant Plaintiff's motion to remand, the court notes that Plaintiff requested in that motion an award of its costs and attorney's fees incurred as a result of Defendant's removal of this action. Such an award of costs and fees is authorized by 28 U.S.C. § 1447(c), which provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard set forth by the Ninth Circuit in determining whether fees and costs should be awarded upon remand is whether removal of the action was "fairly supportable." *See Schmitt v. Insurance Co. of N. Am.,* 845 F.2d 1546, 1552 (9th Cir.1988).[3]

■ Under the circumstances of this case, the court concludes that Defendant's removal of this action was fairly supportable. Plaintiff cited Supreme Court case law holding that union collection actions constitute contract claims governed by state law. Defendant attempted to get around this case law by arguing complete preemption under Section 301 of the LMRA. Though the case law he relied on in support of this argument was distin-

guishable from the circumstances of this case, he, arguably, could urge otherwise. Second, and more importantly, Plaintiff itself invited the removal by alleging in its complaint that the case was brought "pursuant to 29 U.S.C. §§ 158(b)(1)(A) and 411(a)(5)." Plaintiff cannot now seek fees for managing to prevail on its motion to remand despite that invitation. Accordingly, the court will deny Plaintiff's request for an award of the reasonable costs and expenses, including attorney's fees, that it incurred due to Defendant's removal of this action.

## IV. CONCLUSION

Defendant raised two arguments as to why removal of this action was proper: (1) Plaintiff's complaint by its own terms stated that it was brought pursuant to federal law; and (2) Plaintiff's complaint is preempted by Section 301 of the LMRA. For the reasons stated above, the court does not find merit to either of these arguments, and therefore will grant Plaintiff's motion to remand this action to Arizona Superior Court. The court, however, will deny Plaintiff's request for an award of its attorney's fees and costs incurred due to Defendant's removal of this action. Finally, because the court will grant Plaintiff's motion to remand, Defendant's motion to dismiss and Plaintiff's motion for an extension of time to respond to that motion to dismiss are both moot and will be denied as such.

IT IS ORDERED granting Plaintiff's Motion to Remand Action to State Court,

---

**3.** In *Balcorta,* the Ninth Circuit held that in contrast to the mandatory language used in *Schmitt* of needing to determine that removal was not fairly supportable before awarding fees and costs, a district court would be within its discretion to award fees even if the removal was fairly supportable. In so doing, however, the court did not alter the fact that a district court is within its discretion in awarding fees if the removal was not fairly supportable. *See Balcorta,* 208 F.3d at 1106 n. 6.

filed May 24, 2000 (doc. 3). The Clerk of the Court is hereby directed to remand this case to the Arizona Superior Court in Maricopa County.

IT IS FURTHER ORDERED denying Plaintiff's request for reasonable attorney's fees and costs incurred due to Defendant's removal of this action, filed May 24, 2000 (doc. 3).

IT IS FURTHER ORDERED denying as moot Defendant's Motion to Dismiss, filed June 12, 2000 (doc. 4).

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion for Enlargement of Time to File a Response to Defendant's Motion to Dismiss, filed July 13, 2000 (doc. 8).