# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2966

_____

| | | |
|---|---|---|
| Lonnie Gurley, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael Hunt; Painters District | * | |
| Council No. 3, of the International | * | |
| Brotherhood of Painters and Allied | * | |
| Trades, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  January 17, 2002

Filed:  April 24, 2002

_____

Before LOKEN, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Appellant Lonnie Gurley appeals the district court's decision granting summary judgment in favor of Painters District Council No. 3 ("Union") and its officials.  The district court concluded that Gurley's claim was precluded by res judicata because of a previous National Labor Relations Board ("NLRB")  proceeding based on the same facts.  We reverse.

I.    Background

Appellee Michael Hunt ("Hunt") replaced Gurley as Executive Secretary of the Union following a heated election in 1997. After the election, Gurley obtained employment as a painter for Essex Corporation ("Essex"). Essex fired Gurley in January of 1998.

After his termination, Gurley filed charges with the NLRB alleging that his dismissal from Essex occurred as a result of his opposition to Hunt and other current Union officers in the previous election. The NLRB reviewed the charge and decided to issue a complaint, alleging that the Union engaged in unfair labor practices in violation of the National Labor Relations Act, 29 U.S.C. §§ 151-169 (1998) ("NLRA"). The complaint asserted that Union officials fined Gurley and asked Essex to lay him off as a result of his opposition to Union officers in the previous election.

An NLRB Administrative Law Judge ("ALJ") held a hearing on the complaint against the Union. The ALJ made various findings of fact and conclusions of law, ultimately finding in favor of Gurley. As a result, the NLRB ordered the Union to make Gurley whole for any lost earnings or benefits. It also issued a cease and desist order and required the Union to post a notice informing members of the NLRB's unfair labor practice finding. The Union did not appeal the NLRB's ruling and complied with the remedy.

Following the issuance of the NLRB's order, Gurley brought a civil action against the Union and Hunt alleging violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401-531 (1998), and specifically 29 U.S.C. § 411, the Bill of Rights of Members of Labor Organizations.[1]  The LMRDA

_____

[1]Gurley also alleged a state law claim for tortious interference with an employment relationship which he later moved to dismiss.

claim arises out of the same events included in the NLRB complaint, that is, that the Union and Hunt procured Gurley's dismissal from Essex and improperly disciplined him as a result of his opposition to current Union officers. The complaint seeks damages for emotional distress and punitive damages.

The Union and Hunt filed a motion for summary judgment, arguing that the doctrine of res judicata bars Gurley's continued litigation because he had already received a make-whole remedy following the NLRB hearing. The court granted the defendants' motion, holding that Gurley's LMRDA claim was barred by res judicata. Gurley now appeals that decision.

II.    Discussion

We review the grant of summary judgment de novo. Callas Enters., Inc. v. Travelers Indem. Co., 193 F.3d 952, 955 (8th Cir. 1999). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citation omitted). Courts will apply res judicata and collateral estoppel to agency adjudicatory decisions when the adjudication resolves "disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." United States v. Utah Construction & Mining Co., 384 U.S. 394, 422 (1966). The test applied to determine whether res judicata bars litigation of a claim is: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits, and (3) whether the same cause of action and same parties or their privies were involved in both cases. De Llano v. Berglund, 183 F.3d 780, 781 (8th Cir. 1999) (citation omitted).

Gurley argues that the district court erred in dismissing his LMRDA claim because the first prong of this test was not met. He maintains that the NLRB did not have jurisdiction over his LMRDA claim, that only federal district courts have such jurisdiction; therefore, he did not have an "adequate opportunity" to litigate the claim. We agree.

The plain language of the LMRDA indicates that Congress did not intend for the NLRB to have jurisdiction over LMRDA claims. The statute states that a plaintiff, whose rights under the statute have been violated, "may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412. The federal courts are the only institution granted jurisdiction by the statute; it does not give adjudicative authority to any administrative agency.

Furthermore, it would be inconsistent with the NLRB's role in enforcing federal labor laws for the Board to have jurisdiction in this case. The NLRA, which created the NLRB, created an administrative system designed to prevent unfair labor practices. 29 U.S.C. § 160(a). If the NLRB finds that an employer or a union has engaged in an unfair labor practice, the Board is authorized to order it to cease and desist from that conduct and to order "such affirmative action including reinstatement of employees with or without backpay, as will effectuate the policies" of the NLRA. 29 U.S.C. § 160(c).[2] The NLRA only provides the NLRB with the authority to redress unfair labor practices through such means as cease and desist orders, back-pay, and reinstatement. Id. Courts have emphasized that the NLRB is not authorized to award full compensatory or punitive damages to individuals affected by the unfair labor practice. See International Union, United Automobile, Aircraft and Agricultural Implement Workers, etc. v. Russell, 356 U.S. 634, 643 (1958); see also Packing

---

[2]Interestingly, § 160(c) does not refer to these NLRB orders as "relief" or "remedies."

-4-

House and Indus. Servs., Inc. v. NLRB, 590 F.2d 688, 697 (8th Cir. 1978) ("[T]he Board's remedies must be remedial, not punitive"). We also note that any relief awarded by the Board is discretionary, not mandatory upon the finding of an unfair labor practice. "To make an award, the Board must first be convinced that the award would effectuate the policies of the Act. The remedy of backpay . . . is entrusted to the Board's discretion; it is not mechanically compelled by the Act." Russell, 356 U.S. at 642 (quoting Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 198 (1941)). NLRB orders are not intended to vindicate private rights; rather, the orders are designed to remedy public wrongs by preventing unfair labor practices, eliminating industrial conflict, and restoring the status quo after an unfair labor practice has been committed. See id. at 642-43 (citations omitted); NLRB v. J.H. Rutter-Rex Mfg. Co., 396 U.S. 258, 263 (1970).

The availability of an award of backpay before the NLRB "does not mean that Congress necessarily intended this discretionary relief to constitute an exclusive pattern of money damages for private injuries." Russell, 356 U.S. at 645. Indeed, the LMRDA, which was passed after the NLRA, authorizes federal courts to award "such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412. Courts have interpreted this provision to mean that punitive damages, compensatory damages, and attorney fees may be available under the LMRDA. See generally Hall v. Cole, 412 U.S. 1, 9 (1973) (holding that a court may award attorney's fees in a successful LMRDA action); Vandeventer v. Local Union No. 513 of the Int'l Union of Operating Eng'rs, AFL-CIO,, 579 F.2d 1373 (8th Cir. 1978) (affirming district court's award of punitive damages and remanding on the issue of attorney's fees); Quinn v. Diguilian, 739 F.2d 637, 651 (D.C. Cir. 1984) (holding that punitive damages may be awarded for egregious violations of the LMRDA). As stated, however, the NLRB is not authorized to award this type of relief. See 29 U.S.C. § 160(c); Shepard v. NLRB, 459 U.S. 344, 351-52 (1983) ("The Board is not a court; it is not even a labor court . . . . 'Congress did not . . . authoriz[e] the Board to award full compensatory damages for injuries caused by wrongful conduct.'") (citations omitted). Because the

plain language of the LMRDA gives jurisdiction to the federal courts, and because the type of relief authorized by the LMRDA is inconsistent with the NLRA's policy of issuing relief that vindicates public, not private rights, we hold that the NLRB did not have jurisdiction to hear Gurley's LMRDA claim. Therefore, that claim is not barred by res judicata.

Next, we clarify that our decision is consistent with prior decisions in our circuit. The district court, in determining that Gurley's claim was barred, relied on this court's opinion in Vandeventer, 579 F.2d 1373, for the proposition that the NLRB and the federal courts have concurrent jurisdiction over claims brought under the LMRDA. Vandeventer does not stand for the proposition that the NLRB has jurisdiction over LMRDA claims. Rather, our court held that both the federal courts and the NLRB have jurisdiction to hear disputes arising from certain conduct by union officials – conduct that constitutes both an unfair labor practice and a violation of the LMRDA Bill of Rights. Id. at 1378 ("Congress reaffirmed its understanding that the LMRDA would afford remedies in federal court for conduct already within the jurisdiction of the NLRB under provisions of the National Labor Relations Act."). Indeed, we stated that "Congress intended union members to have remedies before both the federal courts and the NLRB." Id. (emphasis added). Therefore, Vandeventer is consistent with our decision today.

Our decision today is also distinguishable from DeSantiago v. Laborers Local Union No. 1140, 914 F.2d 125 (8th Cir. 1990). In that case, we noted that a plaintiff's claim for breach of the duty of fair representation was barred when that individual had already had a full and fair opportunity for redress in an NLRB proceeding for the same incidents. See id. at 130. The only damages available in a claim for a breach of the duty of fair representation are make-whole damages, International Brotherhood of Electrical Workers v. Foust, 442 U.S. 42, 49 (1979), which the NLRB had already awarded to the plaintiffs in DeSantiago. See DeSantiago, 914 F.2d at 130. In this case, Gurley did not have the opportunity for full and fair redress because the NLRB

did not have jurisdiction to determine whether Gurley was also entitled to the punitive damages that may be available under the LMRDA.

III.    Conclusion

Gurley could not have brought his LMRDA claim in the NLRB proceedings; therefore, the doctrine of res judicata does not prevent him from bringing it in federal court.    We reverse the district court's decision and remand the case for reconsideration of Gurley's motion for partial summary judgment.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.