**Basil NIMRY, Plaintiff,**

**v.**

**IOWA DEPARTMENT OF NATURAL RESOURCES, Defendant.**

**No. 4:08–cv–00407–JEG.**

United States District Court,
S.D. Iowa,
Central Division.

Nov. 30, 2009.

Kimberly S. Bartosh, John F. Fatino, Whitfield & Eddy PLC, Des Moines, IA, for Plaintiff.

David S. Steward, Attorney General, Des Moines, IA, for Defendant.

## ORDER

JAMES E. GRITZNER, District Judge.

Before the Court is a motion by Plaintiff Basil Nimry (Nimry) to hold in abeyance the motion for summary judgment filed by Defendant Iowa Department of Natural Resources (the Department) pending the ruling of the Iowa Public Employee Relations Board (PER Board). The Court held a hearing on the motion on November 24, 2009. Attorney John Fatino represented Nimry. Assistant Attorney General David Steward represented the Department. The matter is fully submitted and ready for disposition.

Nimry, a native of Jordan, worked for the Department from October 13, 1989, until January 31, 2008. Nimry brings this employment discrimination claim alleging that during his employment with the Department, his immediate supervisor, Linda Hanson, and upper management staff subjected him "to harsher treatment than his white Anglo–Saxon counterparts." Compl. at ¶ 10. According to Nimry, Hanson fabricated a number of complaints against him, which culminated with Hanson subjecting Nimry to disproportionate discipline on June 28, 2007. On November 8, 2007, the Department suspended Nimry indefinitely pending completion of a formal investigation by the Department of Administrative Services—Human Resource Enterprise (DAS–HRE). During his period of suspension, Nimry filed claims with the Equal Employment Opportunity Commission (EEOC) and Iowa Civil Rights Commission (ICRC), alleging discrimination based on national origin.

On January 31, 2008, the DAS–HRE issued its investigation findings and conclusions; and the same day, the Department issued a letter informing Nimry his employment with the Department had been terminated. Pertinent to the motion currently before the Court, Nimry filed a formal grievance of his termination with the PER Board. On October 8, 2008, after receiving right to sue letters from the EEOC and the ICRC, Nimry filed this lawsuit against the Department, alleging claims of discrimination based on national origin and/or race and retaliation under both Title VII of the Civil Rights Act of 1964 and the Iowa Civil Rights Act (ICRA). Nimry's PER Board grievance review case was tried to an administrative law judge in December 2008. The PER Board decision is still pending.

A procedural collision has developed as a result of Nimry's appropriate exercise of his rights as a public employee, the need to timely file his action in this Court, and the lack of resolution of the PER Board proceedings. Counsel could not provide the Court with any information regarding the delay or likely conclusion of the PER Board action. It is clear, however, that the filing of a decision by the administrative law judge is subject to internal appeal and judicial review through the state district and appellate courts, potentially extending the process by many months. Thus, with a limited record herein regarding the details of the PER Board hearing and the currently unknowable nature of the ultimate PER Board findings, this Court must evaluate the potential impact of the PER Board proceedings on the nature of this action in an effort to determine

if the unusual delay inherent in the pending motion is justifiable.

In the present case, the Department moved for summary judgment on October 28, 2009, asserting the following: (1) Nimry cannot establish a prima facie case of discrimination; (2) even if the Court were to find Nimry established a prima facie case of discrimination, the Department has articulated a legitimate, nondiscriminatory reason for disciplining and discharging Nimry; and Nimry cannot demonstrate that the Department's reason for the investigation and termination were mere pretext for unlawful discrimination; (3) Nimry cannot establish a prima facie case of retaliation because he failed to establish a causal connection between any protected activity and his discipline or discharge; and (4) Nimry has failed to demonstrate a genuine issue of material fact exists as to whether the Department acted on a good faith belief that Nimry violated Department workplace rules.

Nimry filed the present motion requesting the Court hold the Department's motion for summary judgment in abeyance until the PER Board issues its decision in Nimry's grievance action. In support of the motion, Nimry asserts that (1) discovery has not yet closed; (2) the dispositive motion deadline has not lapsed; and (3) if the Court proceeds, the Court's findings could *potentially* conflict with the PER Board's findings. The Department resists, arguing that the issue before the Court on the Department's motion for summary judgment is whether the Department acted with discriminatory animus toward Nimry, not whether the Department can show Nimry committed the acts of misconduct reported to the Department by his co-workers that formed the basis of the DAS–HRE investigation. At bottom, the Department argues that it acted on the basis of investigation results, not discrimination,

and that remains true whether the PER Board determination is consistent or inconsistent with the underlying investigative conclusions.

 After careful consideration of the extraordinary procedural circumstances herein, the Court must conclude Nimry has failed to demonstrate the evidentiary value the PER Board decision could have on this Court's summary judgment consideration. At the hearing, Nimry's counsel informed the Court that (1) it is unlikely that there will be a need for further discovery as a result of the PER Board decision, (2) counsel was unable to specifically support or argue that the PER Board decision will have a preclusive effect upon the issues before this Court, and (3) the PER Board decision, in whole or in part, may ultimately be inadmissible in this proceeding. Nimry cites *Allen v. McCurry*, 449 U.S. 90, 94–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir.2002), for the premise that courts apply the doctrines of collateral estoppel and res judicata to state and agency adjudicatory decisions that resolve disputed facts that were properly before those tribunals and the parties had an adequate opportunity to litigate. However, this record is inadequate to demonstrate which disputed facts were before the PER Board that are material to the issues before this Court, the procedural details in the administrative proceeding that would support application of estoppel, res judicata, or issue or claim preclusion, the specific legal bases for application of those doctrines, or the specific legal bases upon which evidence from the administrative proceeding would be admissible in this action. While such a showing may be unusually elusive in this odd procedural circumstance, the Court must require a persuasive showing to support a potentially extraordinary delay. Accordingly, Nim-

ry has failed to demonstrate that holding this matter in abeyance will likely result in the availability of further record on material issues before this Court on the pending motion for summary judgment.

For the reasons stated, Nimry's Motion to Hold the Motion for Summary Judgment in Abeyance (Clerk's No. 25) must be **denied.** As directed in this Court's text order of November 13, 2009, Nimry shall have twenty (20) days from the date of this order to file his resistance to the Department's motion for summary judgment.

**IT IS SO ORDERED.**